<u>NOT FOR PUBLICATION</u>　　　　　　　　　　　　　　　　　　　　　　　(Doc. No. 17)

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE**

| | |
|---|---|
| SHARON EREZ, | : |
| Plaintiff, | : |
| v. | : Civil No. 10-1793 (RBK/AMD) |
| QIANA RAY, | : **OPINION** |
| Defendant. | : |

**KUGLER**, United States District Judge:

　　　　This matter comes before the Court on the motion of Qiana Ray ("Defendant"), pursuant to Federal Rule of Civil Procedure 56, for summary judgment in the personal injury action resulting from Defendant's motor vehicle accident with Sharon Erez ("Plaintiff"). This case presents the question of whether New Jersey's Deemer Statute, N.J. Stat. § 17:28-1.4 (and, consequently, the verbal threshold, N.J. Stat. § 39:6A-8), applies to Plaintiff's claim for damages from Defendant, and, if so, whether the Plaintiff has satisfied the requirements of the verbal threshold. The Court finds that a genuine issue of material fact exists as to whether or not the Deemer Statute and verbal threshold apply to Plaintiff's claim. Moreover, even if the verbal threshold did apply, the Court finds that a genuine issue of material fact also exists as to whether or not the Plaintiff has met that threshold. Accordingly, Defendant's motion for summary judgment is **DENIED**.

I.  **BACKGROUND**[1]

On April 8, 2010, Plaintiff's car stopped in traffic on the New Jersey Turnpike in Cranbury, New Jersey, and was rear-ended by Defendant's vehicle.  Def. Br. Summary Judgment, Ex. C, N.J. Police Crash Investigation Report ("Accident Report").  According to the Accident Report, "[b]oth vehicles sustained minor damages," and Plaintiff "complained of back pain," but "refused any medical treatment."  Id.  Plaintiff alleges injury to his back and neck, including cervical and lumbar sprain and strain, disc herniation with thecal sac impingement, and bilateral radiculopathy in the lumbar and sacral regions.  Pl. Am. Compl. at 3.  Plaintiff alleges that these injuries "have caused him great pain and suffering and agony, and will continue to cause such pain, suffering and agony into the future, as well as a loss of earnings and earning capacity."  Id.  Plaintiff further alleges that, as a result of his injuries, he has incurred medical and other expenses, and "may continue to incur" such expenses, and will suffer "loss of life's enjoyment."  Id.

At the time of the accident, Plaintiff was driving an automobile rented from Enterprise Rent-A-Car.  Def. Br. S.J. at 2.  Plaintiff alleges that the car was rented by Dvir Aharon, the passenger in the vehicle at the time it was struck by Defendant.  Pl. Br. Summary Judgment at 3.  Plaintiff identifies this as a fact in dispute,[2] underscoring that the question of who rented the vehicle "was never asked during the deposition," and emphasizing that the rental agreement itself is not in evidence.  Id. at 6.  Plaintiff states in his sworn affidavit that he did not own a car on the

---

[1] The Court notes that Defendant, the movant in this case, has failed to file a Statement of Material Facts Not in Dispute, pursuant to New Jersey Local Rule 56.1(a).  Although this failure constitute grounds on which to deny Defendant's motion, the Court will consider the merits of the motion in this case, and elects only to admonish Defendant to adhere to the Local Rules that govern this Court.

[2] The Court notes that Plaintiff's own insistence that Aharon rented the vehicle has been equivocal.  Although Plaintiff indicates at certain points that it was Aharon who rented the car, Plaintiff has also made reference to the "insurance included with the Plaintiff's motor vehicle rental."  Def. Br. S.J., Ex. D at ¶ 16 (Pl. Answers to Def. Interrogatories) (emphasis added).  The Court finds it curious that, while Plaintiff suggests that Defendant misunderstands the rental agreement governing the Plaintiff's use of the Enterprise car, Plaintiff has nevertheless elected not to produce the rental agreement.

2

date of the accident, that he was not a named under any automobile insurance policy on the date of the accident, and that he was not living with anyone who possessed automobile insurance on that date.[3]  Pl. Affidavit, June 6, 2011.  Plaintiff argues that these facts make him not subject to the verbal threshold, according to which Plaintiff's claim for damages from noneconomic loss would require a showing of permanent injury.  N.J. Stat. § 39:6A-8(a).  Plaintiff further argues that, even if the verbal threshold does apply to his claim, Plaintiff's medical evidence demonstrates that he meets that threshold.  Defendant disagrees, maintaining that the verbal threshold applies to Plaintiff, and that Plaintiff has not created a genuine issue of material fact regarding his ability to meet that threshold.  Plaintiff has been receiving payment from Enterprise Liability Claims Operation ("ELCO") in Pennsylvania for injuries sustained in the accident with Defendant.  Pl. Br. S.J., Ex. 1 (ELCO personal injury protection (PIP) payment ledger).

## II.   STANDARD

Because the Court hears this case pursuant to its diversity jurisdiction, 28 U.S.C. § 1332, it must apply state substantive law and federal procedural law.  Gasperini v. Ctr. for Humanities, 518 U.S. 415, 427, 116 S. Ct. 2211, 135 L. Ed. 2d 659 (1996) ("Under the Erie doctrine, federal courts sitting in diversity apply state substantive law and federal procedural law.").

Summary judgment is appropriate where the Court is satisfied that "there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 330 (1986).  A genuine issue of material fact exists only if the evidence is such that a reasonable jury could find for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  When the Court weighs the

---

[3] Plaintiff's deposition testimony indicates that, at the time of the accident, Plaintiff was estranged from his wife, and not a named insured on any automobile policy she might have had at that time.  Def. Br. S.J., Ex. F.

evidence presented by the parties, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." Id. at 255.

The burden of establishing the nonexistence of a "genuine issue" is on the party moving for summary judgment. Aman v. Cort Furniture Rental Corp., 85 F.3d 1074, 1080 (3d Cir. 1996). The moving party may satisfy its burden either by "produc[ing] evidence showing the absence of a genuine issue of material fact" or by "'showing'— that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." Celotex, 477 U.S. at 325.

Once the moving party satisfies this initial burden, the nonmoving party must "set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e). To do so, the nonmoving party must "do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). Rather, to survive summary judgment, the nonmoving party must "make a showing sufficient to establish the existence of [every] element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322. Furthermore, "[w]hen opposing summary judgment, the nonmovant may not rest upon mere allegations, but rather must 'identify those facts of record which would contradict the facts identified by the movant.'" Corliss v. Varner, 247 F. App'x 353, 354 (3d Cir. 2007) (quoting Port Auth. of N.Y. & N.J. v. Affiliated FM Ins. Co., 311 F.3d 226, 233 (3d Cir. 2002)).

In deciding the merits of a party's motion for summary judgment, the court's role is not to evaluate the evidence and decide the truth of the matter, but to determine whether there is a genuine issue for trial. Anderson, 477 U.S. at 249. Credibility determinations are the province

of the factfinder, not the district court. BMW, Inc. v. BMW of N. Am., Inc., 974 F.2d 1358, 1363 (3d Cir. 1992).

### III. DISCUSSION

Defendant argues that Plaintiff's car rental from Enterprise is governed by New Jersey's Deemer Statute, N.J. Stat. § 17:28-1.4. This matters because, if the Deemer Statute applies in this case, Plaintiff—a non-New Jersey resident—must meet the verbal threshold (N.J. Stat. Ann. § 39:6A-8(a)) in order to sustain his claim for noneconomic damages from Defendant. N.J. Stat. § 17:28-1.4 ("Any liability insurance policy subject to this section shall be construed as providing the coverage required herein, and any named insured . . . under that policy[] shall be subject to the tort option specified in subsection a. of section 8 of P.L. 1972, c. 70 (C.39:6A-8) [which articulates the verbal threshold]." As the Third Circuit has explained, "[t]he [deemer] statute limits the right of non-residents of New Jersey to sue for non-economic (pain and suffering) loss by automatically assigning the so called verbal threshold tort option under N.J. Stat. Ann. § 39:6A-8(a) to out-of-state residents involved in accidents occurring in the State of New Jersey, solely on the basis of whether their automobile (auto) insurance carrier is authorized to transact business in the State of New Jersey." Dyszel v. Marks, 6 F.3d 116, 119 (3d Cir. 1993).

#### A. Applicability of the Deemer Statute

More specifically, the New Jersey Deemer Statute indicates that

> any insurer authorized to transact or transacting automobile or motor vehicle insurance in this State . . . which sells a policy providing automobile or motor vehicle liability insurance coverage, or any similar coverage, in any other state . . . shall include in each policy coverage to satisfy at least the liability insurance requirements of subsection a. of section 1 of P.L.1972, c 197 (C.39:6B-1) or section 3 of P.l1972, c. 70 (C.39:6A-3) . . . . N.J. Stat. § 17:28-1.4.

Plaintiff does not appear to dispute that Enterprise Rent-A-Car is a self-insurer[4] subject to the Deemer Statute.  Moreover, New Jersey courts have found that a self-insured car-rental company is "considered to have issued an insurance policy to itself," and is therefore "subject to mandatory insurance coverage for its rental vehicles while driven in New Jersey, just as if it was an insurance carrier."  See Liberty Mutual Insurance v. Thomson, 385 N.J. Super. 240, 245 (App. Div. 2003).

However, though not disputing that the Deemer Statute applies to the rented automobile he was driving at the time of the accident with Defendant, Plaintiff nevertheless argues that the Statute does not apply to his claim, because he alleges he was not the individual who rented the car.  Moreover, Plaintiff argues that he was not "a named insured on the rental car's policy."  Pl. Br. S.J. at 8.  Because the Deemer Statute  subjects "any named insured" to the verbal threshold, Plaintiff contends that the Statute and verbal threshold do not apply to him.  N.J. Stat. § 17:28-1.4.

For the purposes of Defendant's motion for summary judgment, the Court assumes that "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).  Thus the Court assumes that Plaintiff's statement that he "was not named under a policy of automobile insurance on April 10, 2008" is true.  Pl. Affidavit, June 6, 2011.  Defendant argues that "[e]ven if the court accepts [Plaintiff's affidavit] as true, the plaintiff is still subject to the verbal threshold."  Def. Reply Br. S.J. at 2.  Defendant contends that Plaintiff, as the "undisputed driver of said rental car . . . should have been a named driver under the rental agreement," which "would also mean that plaintiff was named insured under the self insurance policy provided by ELCO."  Id.

---

[4] Plaintiff has received payments for his injuries directly from Enterprise, through Enterprise Liability Claims Operation ("ELCO").  Pl. Br. S.J., Ex. 1 (ELCO personal injury protection (PIP) payment ledger).

7

The Court does wonder why, if Plaintiff is not named by the Enterprise rental agreement or the ELCO policy, Plaintiff is receiving PIP benefits from ELCO. However, Defendant offers no legal or factual support for the proposition that any driver—even a driver unnamed by the Enterprise rental agreement—would necessarily be insured under the ELCO policy. Therefore, Plaintiff has raised a genuine issue of material fact concerning the applicability of the Deemer Statute to his case.

### B. Verbal Threshold

Moreover, even if the Deemer Statute did apply, making Plaintiff subject to the verbal threshold, Plaintiff has nevertheless raised a genuine issue of material fact that he has met that threshold. Under the Automobile Insurance Cost Reduction Act ("AICRA"), a party subject to the limitation on lawsuit option is prohibited from suing for noneconomic damages[5] unless the party sustained an injury resulting in 1) death, 2) dismemberment, 3) significant disfigurement or significant scarring, 4) displaced fractures, 5) loss of a fetus, or 6) a permanent injury "within a reasonable degree of medical probability." N.J. Stat. Ann. § 39:6A-8(a). The purpose of the limitation is to prevent suits based on injuries that are not serious or permanent. Libby v. Conner, No. 06-2903, 2007 U.S. Dist. LEXIS 80507, 2007 WL 3232585, at *4 (D.N.J. Oct. 31, 2007) (citing N.J. Stat. Ann. § 39:6A-1.1(b); Serrano v. Serrano, 183 N.J. 508, 516, 874 A.2d 1058 (2005)).

As is relevant to the instant case, an injury is permanent when "the body part or organ, or both, has not healed to function normally and will not heal to function normally with further medical treatment." § 39:6A-8(a). To satisfy the injury requirement, a plaintiff must provide the defendant with a certification from a physician stating that the plaintiff has sustained a listed injury. Id.; Davidson v. Slater, 189 N.J. 166, 914 A.2d 282, 291 (N.J. 2007). The certification

---

[5]Defined as "pain, suffering and inconvenience." N.J. Stat. Ann. § 39:6A-2(i).

must be "based on and refer to objective clinical evidence, which may include medical testing . . . ." § 39:6A-8(a).  The objective clinical evidence must be derived from accepted diagnostic tests and cannot be "'dependent entirely upon subjective patient response.'" Davidson, 914 A.2d at 291 (quoting § 39:6A-8(a)).  Accepted diagnostic tests are listed in the New Jersey Administrative Code.  See N.J. Stat. Ann. § 39:6A-4.7; N.J. Admin. Code § 11:3-4.5.  If a certification does not rely on objective medical evidence, a reviewing court may grant summary judgment for the defendant.  Libby, 2007 U.S. Dist. LEXIS 80507, 2007 WL 3232585, at *5.

In this case, Defendant supplies the examination notes of Ronald L. Gerson, M.D., who conducted an independent examination of Plaintiff on February 11, 2011.  Def. Br. S.J., Ex. K.  Dr. Gerson found that his evaluation revealed "no definite objective findings either on a clinical, radiologic and/or electrodiagnostic basis of permanency or need for future treatment to the musculoskeletal system to be as a result of the incident that occurred on 4/10/08."  Id.  Plaintiff, however, points out that, in his report, Dr. Gerson "admits to never having seen the MRI films" themselves.  Pl. Br. S.J. at ¶ 17.  Plaintiff submits an MRI report by Howard C. Hutt, M.D., Ph.D., showing mild desiccation of the L5-S1 disc, as well herniation of the L5-S1 disc with impingement of the thecal sac and without stenosis.  Pl. Br. S.J., Ex. 3.  Moreover, Plaintiff submits a report from Mark D. T. Allen, M.D., an orthopedic surgeon, indicating that, "within [a] reasonable degree of medical certainty," Plaintiff's "herniated disk [sic] noted on MRI at L5-S1 level is a direct result of the motor vehicle accident that occurred on April 10, 2008," and that "this represents a permanent injury" from which Plaintiff will experience "some degree of radicular lower back symptoms on a chronic basis."  Pl. Br. S.J., Ex. 5.  In addition, based on the MRI report as well as Plaintiff's electromyography ("EMG") test, examiners Benjamin

9

Benjamini, D.C. and Gerald M. Creed, D.O. determined that Plaintiff "will continue to experience chronic pain," and stated that "it is unlikely that Sharon will ever be free of the consequences of these injuries." Pl. Br. S.J., Ex. 4.

In Pardo v. Dominguez, the New Jersey Appellate Division held that a finding of a herniated disc is sufficient to meet the "permanent injury" required for an individual to meet the verbal threshold. 382 N.J. Super. 489 (App.Div. 2006) (finding that, because the record did not contain an expert report indicating that Plaintiff's disc was "functioning normally or, in any event, that [the] herniated disc could 'heal' to so function," Plaintiff's herniated disc satisfied the verbal threshold). Furthermore, MRI scans are acceptable diagnostic testing for the purposes of the verbal threshold, as is needle electromyography. N.J.A.C. § 11:3-4.5; see also Davidson v. Slater, 189 N.J. 166, 914 A.2d 282, 291 (N.J. 2007) (referring to the list contained in N.J.A.C. § 11:3-4.5 as accepted diagnostic tests). Finally, Plaintiff submitted a certification by Gerald Creed, D.O., wherein Dr. Creed avers that, according to his review of Plaintiff's physical examinations and medical records, "Sharon Erez has sustained significant and permanent injuries." Pl. Br. S.J., Ex 4. Dr. Creed's statement reiterates the findings contained in Plaintiff's MRI report. Accordingly, this Court finds that the medical evidence submitted by Plaintiff is sufficient to create a genuine issue of material fact as to whether or not Plaintiff would meet the verbal threshold if it applied to him.

## IV. CONCLUSION

For the foregoing reasons, Defendant's motion for summary judgment is hereby **DENIED**. An accompanying Order shall issue today.

Date: 11/2/2011          /s/ Robert B. Kugler
         ROBERT B. KUGLER
         United States District Judge